## BURAS v. LETELLIER TRANSFER CO., Inc.[*]
### No. 16268.

Court of Appeal of Louisiana. Orleans.
Jan. 27, 1936.

Blasi & Sehrt, of New Orleans, for appellant.

Leslie P. Beard, of New Orleans, for appellee.

WESTERFIELD, Judge.

This is a suit for $241.20, the damage alleged to have been sustained by plaintiff's Chevrolet automobile as a result of a collision with a truck and trailer belonging to defendant. The accident happened on July 11, 1935, at about 6:30 p. m., in the intersection of Bienville and North Galvez streets.

According to the allegations of plaintiff's petition, his automobile, driven by Henry Bouchet, his brother-in-law, approached Bienville street from the west, or the direction of Esplanade avenue and, when it arrived at the intersection, the truck and trailer of defendant, which had entered Bienville street from the direction of the east, on the north roadway of Galvez street —Galvez being a wide street divided by a neutral ground—made a wide turn into Bienville street toward the south, or in the direction of the Mississippi river; that the defendant's driver failed to stop after entering Bienville street and before turning to the left along that thoroughfare, as it was his duty to do under Ordinance No. 13702, C.C.S.; that, observing the oncoming truck, plaintiff stopped his automobile when the two vehicles were about 15 feet apart, and while at a standstill the

*Rehearing denied Feb. 10, 1936.

trailer attached to the defendant's truck collided with his automobile, causing the damage for which this suit was instituted; that the truck driver was running at the rate of 20 or 25 miles an hour when making the turn in Bienville, street, and continued at that speed until the impact of the two vehicles.

On the other hand, defendant contends that his truck and trailer entered Bienville street at a very moderate rate of speed, 6 to 8 miles per hour, turned to the left along Bienville street when plaintiff's car was half a city block away from the intersection, and drove slowly across, almost completing the intersection when the plaintiff's car crashed into the trailer at a point about 6 feet from its rear end and about 29 feet from the front end of the truck; the truck and trailer being 35 feet long.

There were only two eyewitnesses to the accident, the drivers of the colliding vehicles, and, as might be expected, their evidence is contradictory. The driver of the automobile claims that, while his car was standing still in order to permit the defendant's truck and trailer to pass in front of him, it was "sideswiped from the left by the trailer of the truck". The truck driver, a negro by the name of Boyd, testified that at the time he made the turn into Bienville street plaintiff's automobile was a safe distance from the intersection and approaching at a speed of 35 miles an hour, which was slackened somewhat before the vehicles collided. He attributes the accident to the alleged fact that the driver of plaintiff's automobile was not looking in the direction he was driving and, apparently, did not see the truck until too late to avoid striking it.

The case turns entirely upon the weight to be given the conflicting statements of the two drivers. Plaintiff's version of the accident seems to us most improbable, as there would appear to be no reason for the trailer, after having completed a right angle turn into Bienville street, to have sideswiped plaintiff's stationary automobile, particularly since there is no evidence of the streets being wet or slippery. On the contrary, the evidence is that the weather was clear and bright. Plaintiff says he saw the truck when 30 feet away from the intersection, when it must have been manifest that it would proceed across the intersection. If he had his automobile under control, he should have been able to stop it in time to avoid a collision. In any event, the

trial judge resolved the conflicting evidence in favor of the defendant, and we cannot see that he was guilty of obvious error.

The judgment appealed from is affirmed. Affirmed.